**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-01528

SPORT SQUAD, INC. D/B/A JOOLA,

          Plaintiff,

   v.

FACOLOSPICKLEBALL LLC,

          Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Sport Squad, Inc. d/b/a JOOLA ("JOOLA" or "Plaintiff") files this complaint for patent infringement against Facolospickleball LLC ("Facolos" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et. seq.*, from Facolos's infringement of U.S. Patent No. 12,465,826 (the "'826 Patent" or the "Asserted Patent").

**THE PARTIES**

2.     Plaintiff Sport Squad, Inc. d/b/a JOOLA is a corporation organized under the laws of Maryland with its principal operating business located at 915 Meeting Street, North Bethesda, Maryland 20852.

1

3.    Defendant Facolospickleball LLC is a limited liability company organized under the laws of Colorado with its principal place of business at 1500 North Grant Street, Suite R, Denver, Colorado 80203.

4.    On information and belief, Facolos manufactures, imports, offers for sale, and sells pickleball paddles to resellers, distributors, and consumers throughout the United States, including in this District.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims herein arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

6.    This Court has personal jurisdiction over Facolos insofar as Facolos is organized in this District, and maintains a regular and established place of business at 1500 North Grant Street, Suite R, Denver, Colorado 80203.

7.    On information and belief, Facolos engages in other persistent courses of conduct and derives substantial revenue from products or services and continuous contacts within this District, has purposefully established substantial, systematic, and continuous contacts within this District, and should reasonably expect to be sued in a court in this District.

8.    The Court's exercise of jurisdiction over Facolos will not offend traditional notions of fair play and substantial justice.

9.    Venue in this District is proper is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

2

**FIRST CLAIM FOR RELIEF**

**(Patent Infringement—35 U.S.C. § 271)**

**INFRINGEMENT OF U.S. PATENT NO. 12,465,826**

10.     JOOLA realleges and incorporates by reference each of its allegations in paragraphs 1-9 of this Complaint.

11.     On November 11, 2025, the U.S. Patent and Trademark Office ("USPTO") duly and legally issued the '826 Patent, entitled "Game Paddle."  A true and correct copy of the '826 Patent is attached as **Exhibit 1**.

12.     The '826 Patent describes a solid sports paddle, such as a pickleball paddle, and methods of manufacturing it with internal structures designed to affect the paddle's feel and performance during play.  The technology described in the '826 Patent is implemented in infringing pickleball paddles including, but not limited to, the Facolos EliteX ("Accused Product").

13.     Facolos has infringed and continues to infringe the '826 Patent by making, using, selling, offering to sell, and/or importing products including, but not limited to, the Facolos EliteX.

14.     Throughout its infringement, Facolos has had actual knowledge of JOOLA's '826 Patent and of Facolos's infringement of the '826 Patent.

15.     JOOLA has not licensed or otherwise authorized Facolos to make, use, offer for sale, sell, or import any products that embody the inventions of the '826 Patent.

16.     As shown in the attached non-limiting claim chart (**Exhibit 2**), by making, using (at least by testing), selling, offering for sale, and/or importing the Accused Product in this Judicial District and throughout the United States without license or authorization, Facolos is now and has been directly infringing at least claim 1 of the '826 Patent, either literally or under the doctrine of equivalents, as proscribed by 35 U.S.C. § 271, *et seq.*

17.     Exhibit 2 is intended solely to satisfy the notice requirements of Federal Rule of Civil Procedure 8(a)(2), and does not represent JOOLA's preliminary or final infringement contentions or preliminary or final claim construction positions.  JOOLA reserves the right to modify its infringement theories reflected in Exhibit 2 as discovery progresses in this case, including through contentions disclosures and claim construction in accordance with the Patent Local Rules in this District.

18.     As a direct and proximate result of Facolos's direct infringement of the '826 Patent, JOOLA has been and continues to be damaged. Facolos's infringing activities will continue unless enjoined by this Court or until the patent expires, whichever is sooner.

19.     By engaging in the conduct described herein, Facolos has injured JOOLA and is thus liable for infringement of the '826 Patent, pursuant to 35 U.S.C. § 271.

20.     Facolos has committed and continues to commit acts of infringement that Facolos actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '826 Patent. Facolos's direct infringement of the '826 Patent has been and continues to be willful, intentional, deliberate, or in conscious disregard of rights under the patent.  JOOLA is entitled to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, JOOLA prays for the following relief against Facolos as follows:

A.     Entry of judgment declaring that Facolos has infringed one or more claims of the '826 Patent;

B.     Entry of judgment declaring that Facolos's infringement of the '826 Patent has been willful and deliberate;

C.     An order pursuant to 35 U.S.C. § 283 permanently enjoining Facolos, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the '826 Patent;

D.     An order awarding damages sufficient to compensate JOOLA for Facolos's infringement of the '826 Patent, but in no event less than a reasonable royalty, together with interest and costs;

E.     An order awarding JOOLA treble damages under 35 U.S.C. § 284 as a result of Facolos' willful and deliberate infringement of the '826 Patent;

F.     Entry of judgment declaring that this case is exceptional and awarding JOOLA its costs and reasonable attorney fees under 35 U.S.C. § 285; and

G.     Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury of all issues so triable.

DATED:  April 9, 2026

Respectfully submitted,

By:  /s/ Nicole C. Mueller

Nicole C. Mueller (COD PRID 2639091)
nicole.mueller@klgates.com
70 W. Madison Street, Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121

Of Counsel:

Nicholas F. Lenning
nicholas.lenning@klgates.com
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Telephone: (206) 623-7580

Jason A. Engel
jason.engel@klgates.com
Austin C. Holler
austin.holler@klgates.com
Devdhi Kasana
devdhi.kasana@klgates.com
Kahlan E. Noel
kahlan.noel@klgates.com
K&L Gates LLP
70 W. Madison Street, Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121

Rachel Berman
rachel.berman@klgates.com
K&L Gates LLP
10100 Santa Monica Blvd.,
8th Floor
Los Angeles, California 90067
Telephone: (310) 552-5000

*Attorneys for Plaintiff Sport Squad, Inc. D/B/A JOOLA*

6